# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC, | Case No. 1:17-CV-109 |
| Plaintiff, | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: |
| v. | |
| Glacier Coolers, LLC | (1) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a); |
| Defendant. | (2) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c); |
| | (3) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a); |
| | (4) TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103; |
| | (5) COMMON LAW TRADE DRESS INFRINGEMENT; |
| | (6) COMMON LAW UNFAIR COMPETITION; |
| | (7) COMMON LAW MISAPPROPRIATION; AND |
| | (8) UNJUST ENRICHMENT. |
| | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Glacier Coolers, LLC ("Glacier"), alleges as follows:

## The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 200, Austin, TX 78735.

2.      Upon information and belief, Glacier Coolers, LLC, is a corporation organized under the laws of the State of Minnesota with a place of business at 1731 Deephaven Drv., Woodbury, MN 55129, that does business under the name Glacier Coolers, including through the web sites www.Glaciercoolers.com and www.glacier-coolers.com, and Glacier's online store, www.ecwid.com/store/glaciercoolers/.

## Jurisdiction and Venue

3.      This is an action for trade dress infringement, unfair competition and false designation of origin, trade dress dilution, misappropriation, and unjust enrichment.  This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"), federal common law, the Texas Business & Commerce Code, and state common law, including the law of Texas.

4.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5.      This Court has personal jurisdiction over Glacier because, *inter alia*, it is doing business in the State of Texas, including in this District. For example, and as discussed in more detail below, (i) Glacier has advertised, promoted, offered for sale, sold, and/or distributed, and continues to advertise, promote, offer for sale, sell, and/or distribute infringing products, to customers and/or potential customers, including in this District at least through Glacier's websites and online store (www.glaciercoolers.com/,        www.glacier-coolers.com/,

2

www.ecwid.com/store/glaciercoolers/,  and www.facebook.com/glacier.coolers.5), (ii) Glacier's tortious acts giving rise to this lawsuit and harm to YETI are occurring in the State of Texas, including in this District, (iii) on information and belief, Glacier acted with knowledge that its unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District, and (iv) Glacier's customers and/or potential customers reside in the State of Texas, including in this District.

6.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

**General Allegations – YETI's Intellectual Property**

7.      For over ten years, YETI has continuously engaged in the development, manufacture, and sale of premium, heavy-duty coolers.  YETI created unique, distinctive, and non-functional designs to use with YETI's coolers.  YETI has extensively and continuously promoted and used these designs for years in the United States.  Through that extensive and continuous use, YETI's designs have become a well-known indicator of the origin and quality of YETI's cooler products.  YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns trademark and trade dress rights relating to the source-identifying features of its cooler designs.

8.      In about 2008, YETI introduced its "Roadie®" and "Tundra®" coolers into the marketplace.

9.      As a result of YETI's considerable investments and efforts, the Roadie® and Tundra® coolers are designed and built to provide extreme insulating capabilities and exceptional durability.  YETI has invested substantial resources in the design, development, manufacture, and marketing of its coolers.

3

10.     YETI has sold more than 2.4 million combined Tundra® and Roadie® coolers throughout the United States, including sales to customers in the State of Texas.  YETI has expended significant resources advertising and marketing its Roadie® and Tundra® coolers. The design and features of YETI's Roadie® and Tundra® coolers have received widespread and unsolicited public attention.  For example, the Roadie® and Tundra® coolers have been featured in numerous newspaper, magazine, and Internet articles.

11.     The designs of the Roadie® and Tundra® coolers have distinctive and non-functional features that identify to consumers that the origin of the coolers is YETI.  As a result of at least YETI's continuous and exclusive use of the designs of the Roadie® and Tundra® coolers, YETI's marketing, advertising, and sales of the coolers, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the designs and appearances of the Roadie® and Tundra® coolers, which consumers have come to uniquely associate with YETI.

12.     YETI has sold and continues to sell its Roadie® and Tundra® coolers in a variety of sizes that incorporate YETI's trade dress, including the Roadie® 20, Tundra® 45, Tundra® 65, and Tundra® 105. Shown below are exemplary images of YETI's Roadie® and Tundra® coolers:

**Exemplary Image of a YETI Roadie® Cooler.**



**Exemplary Images of YETI Tundra® Coolers.**



**YETI Tundra® 45 Cooler**



**YETI Tundra® 65 Cooler**

**YETI Tundra® 105 Cooler**

13.     YETI's trade dress rights in the designs and appearances of its Roadie® and Tundra® coolers include, but are not limited to, the overall look, design, and appearance of the Tundra® and Roadie® coolers, which include (1) the design and appearance of the style line on the front of the coolers; (2) the design and appearance of the style line on the back of the coolers; (3) the design and appearance of the front corners (with indentations) of the coolers; (4) the design and appearance of the inverted style line in the cooler bodies above the front style line;

(5) the design and appearance of the ledge around the perimeter of the cooler bodies; (6) the design and appearance of the style line on each side of the coolers; and (7) the color contrast and color combinations of the coolers.

14.     As a result of YETI's exclusive, continuous and substantial use, advertising, and sales of cooler products bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate them as source identifiers of YETI.

**General Allegations – Glacier's Unlawful Activities**

15.     Glacier has purposefully advertised, promoted, offered for sale, sold, and/or distributed, and continues to advertise, promote, offer for sale, sell, and/or distribute coolers that violate YETI's rights, including the rights protected by YETI's intellectual property.   Upon information and belief, Glacier is also making such infringing products and/or importing such infringing products into the United States.   At least Glacier's infringing cooler products are confusingly similar imitations of YETI's cooler products and are in the same sizes as YETI's cooler products.   Glacier's actions have all been without the authorization of YETI.

16.     Glacier's infringing cooler products include its "Iceberg" series of coolers, including at least its Iceberg 45 cooler, Iceberg 65 cooler, and Iceberg 105 cooler.   Other Glacier cooler products may infringe as well.     A printout from Glacier's web site, www.Glaciercoolers.com, showing Glacier's infringing cooler products is attached as Exhibit 1. A printout from Glacier's online store, www.ecwid.com/store/glaciercoolers/#, also showing Glacier's infringing cooler products is attached as Exhibit 2.   YETI refers to all of Glacier's infringing coolers as "the Infringing Products."

7

17.     As a result of Glacier's activities related to the Infringing Products, there is a strong likelihood of confusion between Glacier and its products on the one hand, and YETI and its products on the other hand.

18.     YETI used its trade dress extensively and continuously before Glacier began advertising, promoting, selling, offering to sell, or distributing its Infringing Products. Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Glacier commenced unlawful use of YETI's trade dress.

19.     As discussed above and as set forth in the counts below, Glacier's actions are unfair and unlawful.

## Count I:
## Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

20.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 19 as though fully set forth herein.

21.     Glacier's advertisements, promotions, offers to sell, sales, and/or distribution of the Infringing Products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's trade dress. Glacier's use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Glacier with YETI and as to the origin, sponsorship, and/or approval of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

22.     YETI's trade dress is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used its trade dress in the United States. Through that extensive and

8

continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's cooler products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Glacier commenced its unlawful use of YETI's trade dress in connection with the Infringing Products.

23.     Glacier's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and its cooler products.

24.     On information and belief, Glacier's use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious. Glacier's bad faith is evidenced at least by the similarity of the Infringing Products to YETI's trade dress and by Glacier's continuing disregard for YETI's rights.

25.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Glacier's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count II:
## Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

26.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 25 as though fully set forth herein.

27.     Glacier's advertisements, promotions, offers to sell, sales, and/or distribution of the Infringing Products violate § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

28.     YETI's trade dress is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI's trade dress has acquired

distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's cooler products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's cooler products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Glacier commenced its unlawful use of YETI's trade dress in connection with the Infringing Products.

29.     Glacier's use of YETI's trade dress is likely to cause, and has caused, dilution of YETI's famous trade dress, at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's cooler products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's cooler products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

30.     Glacier's use of YETI's trade dress has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

31.     On information and belief, Glacier's use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Glacier's bad faith is evidenced at least by the similarity of the Infringing Products to YETI's trade dress and by Glacier's continuing disregard for YETI's rights.

32.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Glacier's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count III:**
**Unfair Competition and False Designation of Origin under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

33.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

34.     Glacier's advertisements, promotions, offers to sell, sales, and/or distribution of the Infringing Products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Glacier has obtained an unfair advantage as compared to YETI through Glacier's use of YETI's trade dress and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

35.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's cooler products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Glacier commenced its unlawful use of YETI's trade dress in connection with the Infringing Products.

36.     Glacier's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's cooler products, and YETI.

37.     On information and belief, Glacier's use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Glacier's bad faith is evidenced at least by the similarity of the Infringing Products to YETI's trade dress and by Glacier's continuing disregard for YETI's rights.

38.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Glacier's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count IV:**
**Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103**

39.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 38 as though fully set forth herein.

40.     Glacier's advertisements, promotions, offers to sell, sales, and/or distribution of the Infringing Products violate § 16.103 of the Texas Business & Commerce Code.

41.     YETI's trade dress is entitled to protection under Texas law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become famous and a well-known indicator of the origin and quality of YETI's cooler products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely

recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's cooler products.  YETI's trade dress also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Glacier commenced its unlawful use of YETI's trade dress in connection with the Infringing Products.

42.     Glacier's use of YETI's trade dress and colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's cooler products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

43.     Glacier's use of YETI's trade dress, and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

44.     On information and belief, Glacier's use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Glacier's bad faith is evidenced at least by the similarity of the Infringing Products to YETI's trade dress and by Glacier's continuing disregard for YETI's rights.

45.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Glacier's profits, actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

### Count V:
### Common Law Trade Dress Infringement

46.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 45 as though fully set forth herein.

47.     Glacier's advertisements, promotions, offers to sell, sales, and/or distribution of the Infringing Products, in direct competition with YETI, constitute common law trade dress infringement, at least because Glacier's use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

48.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's cooler products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Glacier commenced its unlawful use of YETI's trade dress in connection with the Infringing Products.

49.     Glacier's use of YETI's trade dress, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury

14

to the goodwill and reputation for quality associated with YETI's trade dress, YETI's cooler products, and YETI.

50.     On information and belief, Glacier's use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Glacier's bad faith is evidenced at least by the similarity of the Infringing Products to YETI's trade dress and by Glacier's continuing disregard for YETI's rights.

51.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Glacier's profits, punitive damages, costs, and reasonable attorney fees.

**Count VI:**
**Common Law Unfair Competition**

52.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

53.     Glacier's advertisements, promotions, offers to sell, sales, and/or distribution of the Infringing Products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Glacier's goods, by simulating YETI's trade dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.  Glacier has also interfered with YETI's business.

54.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's cooler products.  YETI's trade dress has also

acquired substantial secondary meaning in the marketplace.   Moreover, YETI's trade dress acquired this secondary meaning before Glacier commenced its unlawful use of YETI's trade dress in connection with the Infringing Products.

55.     Glacier's use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's cooler products, and YETI.

56.     On information and belief, Glacier's use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.   Glacier's bad faith is evidenced at least by the similarity of the Infringing Products to YETI's trade dress and by Glacier's continuing disregard for YETI's rights.

57.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Glacier's profits, punitive damages, costs, and reasonable attorney fees.

## Count VII:
## Common Law Misappropriation

58.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

59.     Glacier's advertisements, promotions, offers to sell, sales, and/or distribution of the Infringing Products, in direct competition with YETI, constitute common law misappropriation.

60.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.   Glacier has wrongfully used YETI's trade dress, and/or colorable imitations thereof in competition with YETI and gained a special advantage because Glacier was not burdened with the expenses incurred by YETI.   Glacier has commercially damaged YETI, at

least by causing consumer confusion as to origin and/or sponsorship/affiliation of the Infringing Products, by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

61.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's cooler products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Glacier commenced its unlawful use of YETI's trade dress in connection with the Infringing Products.

62.     Glacier's use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's cooler products, and YETI.  Moreover, as a result of its misappropriation, Glacier has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress, YETI and YETI's cooler products.

63.     Glacier's misappropriation of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Glacier's bad faith is evidenced at least by the

similarity of the Infringing Products to YETI's trade dress and by Glacier's continuing disregard for YETI's rights.

64.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Glacier's profits, punitive damages, costs, and reasonable attorney fees.

**Count VIII:**
**Unjust Enrichment**

65.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 64 as though fully set forth herein.

66.     Glacier's advertisements, promotions, offers to sell, sales, and/or distribution of the Infringing Products, in direct competition with YETI, constitute unjust enrichment, at least because Glacier has wrongfully obtained benefits at YETI's expense.  Glacier has also, *inter alia*, operated with an undue advantage.

67.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Glacier has wrongfully used and is wrongfully using YETI's trade dress, and/or colorable imitations thereof, in competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage through such use.  Glacier has not been burdened with the expenses incurred by YETI, yet Glacier is obtaining the resulting benefits for its own business and products.

68.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's cooler products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress

acquired this secondary meaning before Glacier commenced its unlawful use of YETI's trade dress and colorable imitations thereof in connection with the Infringing Products.

69.     Glacier's use of YETI's trade dress, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's cooler products, and YETI.  YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Glacier has wrongfully obtained and are wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

70.     Glacier's unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Glacier's bad faith is evidenced at least by the similarity of the Infringing Products to YETI's trade dress and by Glacier's continuing disregard for YETI's rights.

71.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Glacier's profits.

**<u>Demand for Jury Trial</u>**

YETI hereby demands a jury trial on all issues so triable.

**<u>Relief Sought</u>**

WHEREFORE, Plaintiff respectfully prays for:

1.     Judgment that Glacier has (i) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (ii) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (iii) engaged in unfair competition and false

designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (iv) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (v) violated YETI's common law rights in YETI's trade dress; (vi) engaged in common law unfair competition; (vii) engaged in common law misappropriation; and (viii) been unjustly enriched at YETI's expense, and that all of these wrongful activities by Glacier were willful;

2.      An injunction against further infringement and dilution of YETI's trade dress, and further acts of unfair competition, misappropriation, and unjust enrichment by Glacier, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress, pursuant to at least 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.104;

3.      An Order directing Glacier to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.      An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress in Glacier's possession or control, (iii) all plates, molds, and other means of making the infringing products in Glacier's possession, custody, or control, and (iv) all advertising materials related to the infringing products in Glacier's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.      An Order directing Glacier to publish a public notice providing proper attribution of YETI's trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.      An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.      An award of Glacier's profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

8.      Such other and further relief as this Court deems just and proper.


Dated:  February 14, 2017                     Respectfully submitted,


                                              By: */s/ Victoria R. M. Webb*
                                              Kevin Meek
                                              Texas Bar No. 13899600
                                              kevin.meek@bakerbotts.com
                                              Baker Botts L.L.P.
                                              98 San Jacinto Blvd., Suite 1500
                                              Austin, Texas 78701
                                              Telephone: (512) 322-2639
                                              Facsimile: (512) 322-8385

                                              Joseph J. Berghammer (admitted in the Western District of Texas)
                                              Illinois Bar No. 6273690
                                              jberghammer@bannerwitcoff.com
                                              Victoria R. M. Webb (admitted in the Western District of Texas)
                                              Illinois Bar No. 6307279, Colorado Bar No. 49773
                                              vwebb@bannerwitcoff.com
                                              John A. Webb, Jr. *(pro hac vice forthcoming)*
                                              Illinois Bar No. 6321695
                                              jwebb@bannerwitcoff.com
                                              Banner & Witcoff, Ltd.
                                              Ten South Wacker Drive

Suite 3000
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**